**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10639 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00349-GMN |
| v. | |
| STEVEN BYINGTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted April 22, 2015[**]

Before:    GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Steven Byington appeals from the district court's judgment and challenges his jury-trial convictions and 168-month sentence for receipt of child pornography, in violation of 18 U.S.C. § 2552A(a)(2) and (b); and possession of child pornography, in violation of 18 U.S.C. § 2552A(a)(5)(B). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We affirm Byington's sentence, but vacate the judgment and remand with instructions.

Byington contends that the court procedurally erred by failing to explain why it sentenced Byington on the receipt conviction and by failing to clearly vacate the possession count. He also argues that his sentence is substantively unreasonable.

As the government concedes, Byington's convictions for both receipt of child pornography and possession of child pornography based on the same conduct violate the prohibition against double jeopardy. *See United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). Thus, the possession count must be vacated. However, we decline Byington's invitation to vacate his sentence. Contrary to Byington's contention, the record makes clear why the court chose to sentence him on the receipt count. The court adopted the Guidelines range that corresponded to the receipt count and, based on its evaluation of the 18 U.S.C. § 3553(a) sentencing factors, concluded that a sentence within that range was appropriate. It expressly stated that a sentence below that range was "completely out of the question." This explanation is sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, Byington's low-end sentence is not substantively

13-10639

unreasonable in light of the section 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Accordingly, we affirm Byington's sentence, but remand with instructions to the district court to vacate the possession count, allowing for that count to be reinstated without prejudice if Byington's receipt conviction should be overturned on direct or collateral review. *See Davenport*, 519 F.3d at 948.

**AFFIRMED in part; VACATED and REMANDED with instructions.**